# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **B.P.**

**No. 24-257** (Nicholas County CC-34-2023-JA-154)

## MEMORANDUM DECISION

Petitioner Mother S.P.[1] appeals the Circuit Court of Nicholas County's April 8, 2024, order terminating her parental rights to B.P.,[2] arguing that the court erred by denying her request for an improvement period. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In December 2023, the DHS filed a petition alleging that the petitioner abused and neglected B.P. by virtue of her substance abuse, given that she had recently tested positive for fentanyl, methamphetamine, and amphetamine. The petition also alleged that the petitioner's parental rights to other children were terminated in the recent past due to substance abuse issues. The petitioner stipulated to these allegations at a hearing held in February 2024. Therefore, the circuit court adjudicated her as an abusing and neglecting parent, finding the child to be abused and neglected. The petitioner requested an improvement period and to be admitted into family drug treatment court ("FTC"); however, the circuit court denied the request.

The circuit court proceeded to hold a dispositional hearing in March 2024 and, at the outset, took judicial notice of the petitioner's prior abuse and neglect cases and all evidence produced during those proceedings. The petitioner again requested to participate in an improvement period and FTC. An FTC coordinator testified that the petitioner was eligible for the program. However,

---

[1] The petitioner appears by counsel Joseph M. Mosko. The West Virginia Department of Human Services appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Wyclif Farquharson. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Counsel Juliana C. Dotsenko appears as the child's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

a CPS worker testified that he did not believe referring the petitioner to FTC would be beneficial because the DHS had provided services in the past to remedy the petitioner's substance abuse issues and those efforts were unsuccessful. The petitioner testified and, despite her prior stipulation to the allegations in the petition, claimed she had "never touched fentanyl in [her] life" and "didn't do meth that time either" but that she "was just around it." The court found that the petitioner's testimony "lack[ed] any credibility whatsoever." Recounting the petitioner's prior abuse and neglect cases and improvement periods, two of which resulted in the termination of her parental rights, the court found that the DHS was not required to make reasonable efforts to reunify the family and that there would be "no amount of services" that could remedy the issues. Further finding that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future and that termination was necessary for the child's welfare, the court terminated the petitioner's parental rights. It is from the dispositional order that the petitioner appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner raises a single assignment of error, arguing that the circuit court's failure to grant her request for an improvement period was erroneous.[4] West Virginia Code § 49-4-610 permits circuit courts to grant improvement periods when a parent files a written motion requesting an improvement period and "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." We first note that the petitioner fails to point to any part of the record where she filed a written motion for an improvement period. *See* Syl. Pt. 4, in part, *State ex rel. P.G.- 1 v. Wilson*, 247 W. Va. 235, 878 S.E.2d 730 (2021) ("A circuit court may not grant a post-adjudicatory improvement period under W. Va. Code § 49-4-610(2) . . . unless the [parent] files a written motion requesting the improvement period."); *see also* W. Va. R. App. P. 10(c)(7) (requiring the petitioner's brief to "contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal").

In any event, it is evident that improvement is not likely, considering that when the DHS offered services to the petitioner in prior abuse and neglect proceedings, she ultimately had her parental rights terminated to other children, and she tested positive for several illicit substances at the onset of this case. *See* W. Va. Code § 49-4-604(c)(7)(C) (absolving the DHS of the requirement to make reasonable efforts to preserve the family when there have been prior involuntary terminations). Although the petitioner points out that she was not offered FTC as a service during the previous cases and asserts that she would be willing to participate in order to correct her substance abuse issues in this proceeding, the petitioner's own testimony at disposition reveals the opposite as she denied using illicit substances and claimed she was only in the presence of people using them. As we have repeatedly stated, "[f]ailure to acknowledge the existence of the problem

---

[3] The father's parental rights were also terminated below, and the permanency plan for the child is adoption by a kinship placement.

[4] The petitioner's brief was filed pursuant to Rule 10(c)(10)(A) of the West Virginia Rules of Appellate Procedure.

. . . results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense." *In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Therefore, we can see no abuse of discretion in the court's refusal to grant the petitioner an improvement period. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (explaining that the circuit court has discretion to deny an improvement period when no improvement is likely). Although the petitioner raises no argument regarding termination of her parental rights, we further discern no error upon our review of the record and the court's findings. *See* W. Va. Code § 49-4-604(c)(6) (allowing circuit courts to terminate parental rights "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child").

Accordingly, we find no error in the decision of the circuit court, and its April 8, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: March 4, 2025

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV